ANDRÉ BIROTTE JR.
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
THOMAS D. COKER [136820]
Assistant United States Attorney
   Room 7211, Federal Building
   300 N. Los Angeles Street
   Los Angeles, California 90012
   Telephone: (213) 894-2454
   Facsimile: (213) 894-0115
   E-mail: Thomas.coker@usdoj.gov

Attorneys for Defendant United States of America

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) Case No. EDCV 09-00469-ERW |
|---|---|
| Plaintiff, | ) (OPx) |
| v. | ) AMENDED JUDGMENT: |
| | ) (1) AGAINST DEFENDANTS KENTON |
| KENTON CAMPBELL, et al., | ) CAMPBELL AND AMPARO CAMPBELL |
| | ) FOR UNPAID FEDERAL INCOME |
| Defendants. | ) TAXES FOR THE YEARS 1994-1997 |
| | ) AND 2000-2002; AND (2) |
| | ) FORECLOSING FEDERAL TAX LIENS |
| | ) AND ORDER OF SALE OF REAL |
| | ) PROPERTY LOCATED AT 26701 |
| | ) FARRELL STREET, SUN CITY, |
| | ) CALIFORNIA |

Plaintiff United States of America's Motion for Summary Judgment to reduce tax assessments to judgment and foreclose federal tax liens having been granted on September 3, 2010,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

**Reduce Assessments to Judgment**

Defendants Kenton Campbell and Amparo Campbell are jointly and severally personally liable and indebted to the United States of America for unpaid federal income taxes, interest,

penalties and lien fees, plus accrued interest from the respective dates of assessment, for the taxable years 1994 through 1997, inclusive, and 2000 through 2002, inclusive, in the amount of $69,051, as of March 31, 2010, plus interest accruing after March 31, 2010, as permitted by law, until such obligation is paid in full.

***Foreclosure of Federal Tax Liens***

1.  Defendants Kenton and Amparo Campbell are the 100% owners of the real property located at, and commonly referred to as, 26701 Farrell Street, Sun City (hereafter the "Farrell Property"), in the County of Riverside, California, and legally described as:

> Lot 29 of Tract No. 6212-1, as Shown By Map on File in Book 87, Pages 1,2,3 and 4 of Maps, Records of Riverside County, California.

2.  Defendants Kenton and Amparo Campbell acquired an interest in the Farrell Property on October 1, 2001, by grant deed from Virginia Campbell, as grantor, to Kenton and Amparo Campbell, as joint tenants, recorded in the Riverside County Recorder's Office, Riverside, California.

3.  On various dates, a delegate of the Secretary of the Treasury made assessments of delinquent federal income taxes, penalties, and interest against defendants Kenton and Amparo Campbell for each of the taxable years 1994 through 1997 and 2000 through 2002.

4.  Pursuant to 26 U.S.C. § 6321, by reason of the tax assessments made by the Internal Revenue Service against defendants Kenton and Amparo Campbell, federal tax liens arose

in favor of the United States and attached to all property and rights to property, real and personal, belonging to defendants Kenton and Amparo Campbell.

5. As of March 31, 2010, defendants Kenton and Amparo Campbell are indebted to the United States for unpaid income taxes, penalties and interest for the years 1994 through 1997, and 2000 through 2002 in the amount of $69,051, plus interest accruing thereafter.

6. The federal tax liens have continued to the present without interruption, and have not been released or discharged.

7. The Farrell Property is ordered to be sold by the Area Director of the Internal Revenue Service, Los Angeles, California, District (hereinafter "Area Director"), or his delegate, in accordance with the provisions of Title 28, United States Code, Sections 2001 and 2002, to satisfy those liens.

8. The sale of the Farrell Property shall be free and clear of the interests of all parties in the suit.

9. Any party to this proceeding or any person claiming an interest in the subject real property may move the Court, pursuant to Title 28, United States Code, Section 2001(b), for an order for a private sale of the subject real property. Any such motion shall be filed within twenty (20) days of the date of this Order and shall set forth with particularity (a) the nature of the moving party's interest in the subject real property, (b) the reasons why the moving party believes that a private sale would be in the best interests of the United States of America and any other claimant involved herein, (c) the names of three proposed appraisers and a short statement of their

qualifications, and (d) a proposed form of order stating the terms and conditions of the private sale; and

10. The Area Director, or his delegate, ("Area Director" or "IRS") is ordered to sell the subject real property if it does not become the subject of a motion pursuant to the preceding paragraph, in accordance with Title 28, United States Code, Sections 2001(a) and 2002. The property shall be sold by the Internal Revenue Service at a public sale to be held either at the courthouse of the county or city in which the Farrell Property is located or on the Farrell Property's premises.

    a. Notice of the sale shall be published once a week for at least four (4) consecutive weeks prior to the sale in at least one newspaper regularly issued and of general circulation in Riverside County, California, and, at the discretion of the Area Director or his delegate, by any other notice that the Area Director or his delegate deems appropriate. Said notice shall describe the property by its legal description, and shall contain the terms and conditions of sale as set out herein.

    b. The terms and conditions of sale shall be as follows:

        i. The Area Director, or his delegate, shall appraise the current fair market value of the property (appraised value).

        ii. The minimum bid shall be 75% of the appraised value. If the minimum bid is not met or exceeded, the Area Director, or his delegate may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and

reduce the minimum bid.

    iii. World Saving Bank (now known as Wachovia Mortgage FSB, a division of Wells Fargo Bank, N.A., and referred to herein as "Wachovia") may bid a credit against its lien interest in the subject property as set forth herein, without tender of cash.

    iv. The United States of America may bid a credit against its liens and interest thereon, costs, and expenses, without tender of cash, except that if the property is sold to the United States of America pursuant to such credit bid, before taking title to the property the United States must satisfy the lien claim of Wachovia as set forth herein, by paying the amount of such lien claim.

    v. The terms of sale as to all other persons or parties bidding shall be by cash, money order, or by certified or cashier's check ("Cash") payable to the Clerk of the United States District Court for the Central District of California. The successful bidder shall be required to deposit with the IRS cash equal to between five (5) and twenty (20) percent of the minimum bid as specified in the published Notice of Sale immediately upon the property being struck off and awarded to such bidder as the highest and best bidder. Before being permitted to bid at the sale, potential bidders shall display to the IRS proof that they are able to comply with this requirement. No bids will be accepted from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this

5

order of sale.

vi. The successful bidder(s) shall pay the balance of the purchase price for the Farrell Property within sixty (60) days following the date of the sale. The certified or cashier's check payable to the United States District Court for the Central District of California shall be given to the IRS who will deposit the funds with the clerk of this Court. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, with any amount remaining to be applied to the liabilities of Kenton and Amparo Campbell at issue herein.

vii. The Clerk shall distribute the deposit as directed by the IRS by check made to the "United States Treasury." The Farrell Property shall be again offered for sale under the terms and conditions of this order of sale or, in the alternative, sold to the second highest bidder.

viii. The Clerk of the District Court is directed to accept the proceeds of the sale and deposit it into the Court's registry for distribution pursuant to further Order of this Court.

ix. The sale of the Property shall be subject to confirmation by this Court. On confirmation of the sale, the Internal Revenue Service shall execute and deliver its deed conveying the Property to the purchaser. On confirmation of the sale, all interests in, liens against, or claims to, the Farrell Property that are held or asserted by all parties to this action are discharged and

extinguished.

x. The sale of the Farrell Property is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

11. Until the Property is sold, Kenton and Amparo Campbell shall take all reasonable steps necessary to preserve the Farrell Property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the Farrell Property. They shall neither commit waste against the Farrell Property nor cause or permit anyone else to do so. They shall neither do anything that tends to reduce the value or marketability of the Farrell Property nor cause or permit anyone else to do so. The Campbells shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the Farrell Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

12. Upon selling the subject real property, the Area Director, or his delegate, shall prepare and file with this Court an accounting and report of sale and shall give to the purchaser a Certificate of Sale containing the description of the property sold and the price paid. The accounting and report of sale shall be filed within ten (10) days from the date of sale. If no objections have been filed in writing in this cause

```
 1 | with the Clerk of the Court, within fifteen (15) days of the
 2 | date of sale, the sale shall be confirmed without necessity of
 3 | motion, and the Area Director shall be directed by the Clerk of
 4 | the Court to execute and deliver his deed to said purchaser.
 5 |      13.  Possession of the property sold shall be yielded to
 6 | the purchaser upon the production of the Certificate of Sale and
 7 | Deed; and if there is a refusal to so yield, a Writ of
 8 | Assistance may, without further notice, be issued by the Clerk
 9 | of this Court to compel delivery of the property sold to the
10 | purchaser.
11 |      14.  After the Court confirms the sale, the sale proceeds
12 | deposited with the Clerk of this Court should be applied to the
13 | following items, in the order specified:
14 |           i.   First, to the United States Treasury for the
15 |      expenses of the sale, including any expenses incurred to
16 |      secure or maintain the property pending sale and
17 |      confirmation by the Court.
18 |           ii.  Second, to Riverside County or other local taxing
19 |      authority for unpaid real property taxes and other local
20 |      assessments due and owing, as secured against the subject
21 |      real property on the date of sale;
22 |           iii. Third, to Wachovia in satisfaction of its
23 |      secured claim; and
24 |           iii. Third, to the United States of America (Internal
25 |      Revenue Service) toward full or partial satisfaction of the
26 |      federal tax assessments made against defendants Kenton and
27 |      Amparo Campbell for the taxable years 1994 through 1997,
28 |      inclusive, and 2000 through 2002, inclusive, including all
```

1 | accrued statutory penalties, additions, and interest, until
2 | fully paid.
3 |     15. After making the aforesaid payments, any remaining
4 | sale proceeds shall be held in the Court's registry for
5 | distribution under further order of this Court.
6 |     16. The Court hereby retains jurisdiction of this action
7 | for the purpose of making proper distribution of any surplus of
8 | the proceeds of sale, pursuant to the Area Director's Accounting
9 | and Report of Sale.

DATED: October 13, 2010

E. RICHARD WEBBER
Senior, United States District Judge

Presented By:

ANDRÉ BIROTTE JR.
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division

/s/
THOMAS D. COKER
Assistant United States Attorney

Attorneys for the United States of America
United States v. Campbell, et al.,
EDCV 09-00469-ERW; Judgment and Order of
Sale of Real Property

9